# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID TODD BENNETT, # 630082,

      Plaintiff,

v.                                        Case No. 10-CV-13635
                                            Honorable George Caram Steeh

THE HONORABLE ALLEN GARBRECHT,

      Defendant.

_____/

## OPINION AND ORDER FOR SUMMARY DISMISSAL

### I. INTRODUCTION

Plaintiff David Todd Bennett (Bennett), a Michigan state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant, The Honorable Allen Garbrecht, a Thirty-Seventh Circuit Court Judge in Battle Creek, Michigan, renamed a motion that he filed challenging the court's subject-matter jurisdiction. The motion was denied. Bennett is seeking immediate release from prison and monetary damages. Having reviewed Bennett's complaint, the Court now dismisses it on the basis of judicial immunity and for failure to state a claim upon which relief may be granted. The Court also finds that an appeal cannot be taken in good faith.

### II. DISCUSSION

#### A. Standard of Review

Bennett has been granted *in forma pauperis* status. See 28 § U.S.C.1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous

or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) (B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Bennett's complaint is subject to dismissal.

### B. Judicial Claim Against Judge Allen Garbrecht

The Court finds that Defendant Judge Allen Garbrecht is entitled to absolute immunity in this case. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. See *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in

2

excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9); *see also Kipen v. Lawson*, 57 F.App'x. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439, 446-47 (E.D. Mich. 2006) (judges are entitled to absolute judicial immunity).

> The Sixth Circuit has described the immunity from suit enjoyed by judges as follows:
>
> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (citations omitted).

Bennett's challenge to the proceedings involve the performance of judicial duties by Defendant Judge Garbrecht. For the reasons stated, Defendant Judge Garbrecht is absolutely immune from suit for such conduct and the claim against him must be dismissed on that basis.

### C. *Heck* Bar

Additionally, Bennett's claims are barred by the *Heck v. Humphrey*, 512 U.S. 477 (1994) doctrine. Bennett is requesting that the cause of action against him be dismissed, that his sentence be vacated, and that he be immediately released from prison. The crux of his argument is that he was unconstitutionally charged. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to Sections 1983. See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of

3

habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Bennett's complaint challenges the fact or duration of his incarceration, it must be dismissed. See *Barnes v. Lewis*, 12 F.3d 211 (6th Cir. Dec.10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include potential application of *Heck*, 512 U.S. 477 (1994)).

To the extent Bennett seeks monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*. *Heck*, 512 U.S. at 486-87. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). Thus, Bennett's claim under 42 U.S.C. § 1983 is barred under *Heck* until his criminal convictions have been invalidated.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Bennett's claim against The Honorable Allen Garbrecht is dismissed on the basis of judicial immunity; Bennett's complaint is also barred by the *Heck* doctrine.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's federal civil

4

rights complaint. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore*, 114 F.3d at 610-11.

**IT IS SO ORDERED**.

Dated: September 28, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon David Todd Bennett on September 28, 2010, by ordinary mail.

s/Marcia Beauchemin
Deputy Clerk